J. F. STONE, ET AL. *v.* J. S. STUBBLEFIELD'S ADMR., ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—443.]

**Relinquishment of Dower.**

> Where a married woman relinquishes her dower in the body of the deed and signs and acknowledges the instrument, her right to dower passes.

APPEAL FROM CALLOWAY CIRCUIT COURT.

December 2, 1884.

OPINION BY JUDGE PRYOR:

The title and possession of the land in controversy has been traced from the Commonwealth down to the time at which the proof was taken in this case, a period of near half a century. The deeds filed together with the proof of possession by the various owners is sufficient evidence of the facts that they embrace the land in controversy. An interval of a month or two, when the recollection of one or more witnesses will not enable them to say whether there was an actual possession is not sufficient to break the chain of title or the possession. The only defects relied on are where the wives of some of the remote vendors failed to unite with their husbands in the granting clause of the deed and for that reason it is maintained that the potential right to dower did not pass. No case can be found in this court where the wife has in express terms relinquished dower in the body of the deed and then signed and acknowledged it, where it has been held that her potential right did not pass. She is not in fact a grantor in such a case as this, and only relinquishes that to which she may possibly be at some time entitled. She has nothing to convey; is not liable on the warranty of title because it is not her estate and when she relinquishes her dower in the body of

the deed and signs and acknowledges the instrument her right to dower passes. The conveyance by the firm of Stilly & Urson to Mix authorized a sale of the property and it was not necessary that they should have applied to the Chancellor for that purpose or that the grantors in that conveyance should have united with them. The conveyance in this case was made in 1878 by the trustees or assignees and all acts consistent with the exercise of such power was repealed by the Act of April 24th, 1873. The title in our opinion is such as the vendee should accept. .

Judgment *affirmed.*

*Sims & Cook, for appellant.*